UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
CLERK

------------------------------------------------------------X

RAMON MARADIAGA and BARBARA AVELLA,

Plaintiffs,

Civil Action No.: **CV12 2724**

-against-

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

**COMPLAINT**

THE CITY OF NEW YORK and THE NEW YORK
CITY POLICE DEPARTMENT, POLICE OFFICER VINCENT
MUGNO, TAX REG. #928823, SGT. JOSEPH DIGENNARO, #4419,
POLICE OFFICERS JOHN DOE & JANE DOE (1-4),
AND OTHER UNIDENTIFIED NEW YORK
CITY POLICE OFFICERS, ALL OFFICERS ARE BEING SUED
INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY

**WEINSTEIN, J.**

**LEVY, M.J.**

**Defendants**

------------------------------------------------------------X

Plaintiffs by their attorney Edward Zaloba, Esq., alleges as follows for their Complaint:

## PRELIMINARY STATEMENT

1. This is a civil action against the City of New York, **POLICE OFFICER VINCENT MUGNO, TAX REG. #928823, SGT. JOSPEH DIGENNARO, #4419, AND OTHER UNKNOWN UNIDENTIFIED NEW YORK CITY POLICE OFFICERS,** to redress the deprivation, under color of state law, of plaintiff's rights, secured by the civil rights act of 1871 42 USC §1983 and rights secured under the common law and privileges and immunities under the United States and New York State Constitutions. This action is grounded upon wrongful, unlawful, and improper acts including, without limitation, false arrest, false imprisonment, and violations of police and public duties and obligations.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §1983, §1985(3), §1986, §1988 and the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution and pursuant to Article 1, §§1, 6, 8, 9, 11 and 12 of the Constitution of the State of New York. Jurisdiction is founded upon 28 U.S.C. §1331 and §1343 and the previously mentioned statutory and constitutional provisions. That jurisdiction is founded upon the existence of a Federal question. Plaintiff further invoke the supplemental jurisdiction of this

Court to hear and decide claims arising under state law.

3. These matters in controversy, each exceed exclusive of interests and costs, the sum or value of ONE HUNDRED FIFTY THOUSDAND ($150,000.00) DOLLARS.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C.§139(b) in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs requests a Jury Trial on claims herein.

## PARTIES

6. Plaintiff, **RAMON MARADIAGA and BARBARA FIELDS are** residents of Queens, New York.

7. Defendant City of New York ("City"), at all times mentioned, was and is a municipal corporation organized according to the laws of the State of New York. Defendant New York City owns, operates, manages, directs and controls the New York City Police Department which employs the defendant police officers involved herein.

8. Defendants, **POLICE OFFICER VINCENT MUGNO, and SGT. JOSEPH DIGENNARO were**, at all times mentioned, Police Officers and/or employees of the City of New York. They are sued individually and in their official capacity.

9. Upon information and belief, defendants Police Officers, John and Jane Does (1-4), whose identities and number are presently unknown to plaintiffs, are and were, at all relevant times, police officers, supervisors, and/or persons employed by the Police Department of the City of New York. These unknown defendant officers will be sued individually and in their official capacity.

10. Upon information and belief, at all times and in all their actions described below, defendants were acting under color of state law and within the scope of their employment as police officers, agents, servants and employees of the City of New York and under the City of New York's supervision, direction and control.

11. That the acts of the defendants alleged herein, the constitutional deprivations of the plaintiffs, occurred in the County of Queens, New York, in the State of New York.

12. That the within action has been commenced within the three year statue of limitation applicable to Federal §1983.

## STATEMENT OF FACTS COMMON TO PLAINTIFF AND ALL CAUSES OF ACTIONS

13. On May 21, 2011, at approximately between 12:15 a.m. and 1:00 a.m. the plaintiffs were legally present inside their residence located at 243-30 Weller Avenue, County of Queens, State of New York.

14. The plaintiff Barbara Fields is 57 years old and has never been convicted of a crime.

15. The plaintiff Ramon Maradiaga is 52 years old and has never been convicted of a crime.

16. The plaintiffs are the parents of Jason Short who resides in the basement apartment located of 243-30 Weller Avenue, County of Queens, State of New York.

17. The defendant officers entered said basement apartment by its separate outside entrance.

18. Jason Short was not present when the defendant officers entered his basement apartment.

19. Defendants entered Short's premises in the basement and sometime thereafter allegedly found an unloaded firearm.

20. The defendants had a search warrant in which Jason Short was the subject thereof, moreso, the defendants information and investigation indicated that the basement apartment of Jason Short was the sole location of interest where said weapon would be found.

21. The defendants were in possession of information indicating that Jason Short had allegedly menaced complainant Chasity Valdez, Mr. Short's girlfriend, with an unloaded weapon in the basement apartment of said premises on May 11, 2011.

22. Upon information and belief the application and affidavit for said search warrant for said premises was based entirely upon those specific allegations.

23. The plaintiffs were niether targets nor subjects of said warrant application.

24. After the defendants forcefully entered the basement, they broke down the locked door between the basement and the first floor.

25. Thereafter, the defendants entered the plaintiffs' bedroom on the second floor.

26. The defendants' ordered plaintiff fields to the floor, and ordered plaintiff Maradiaga at gun point to the floor.

27. The police forced plaintiff Fields to call her son and after she dialed, they took her phone.

28. The defendant officers threatened Mr. Short with the arrest of his parents if he did not turn himself in.

29. The defendant officers arrested the plaintiffs in their bedroom upon Short's refusal to cooperate.

30. Both plaintiffs were cuffed in their bedroom and removed from their premises.

31. The defendant officers had neither probable cause nor reasonable suspicion to either seize or arrest plaintiffs.

32. The defendant officers use of force to seize the plaintiffs was without legal justification nor was said force reasonable when under the circumstances.

33. Plaintiffs had neither committed a crime nor offense and were seized and arrested without either probable cause or legal justification.

34. Said weapon was not in plain view to be readily observed

35. That a search of plaintiffs' bedroom and the plaintiffs first and second floor premises provided no evidence or facts tending to support probable cause to arrest plaintiffs.

36. That the defendant officers falsely arrested plaintiffs

37. The plaintiffs were unlawfully arrested and unlawfully imprisoned.

38. The plaintiffs were unlawfully imprisoned against their will.

39. The plaintiffs were unlawfully imprisoned at the precinct, at central booking, and at said court house.

40. The plaintiffs had never possessed said weapons.

41. The plaintiffs had no knowledge of the guns existence.

42. All information that defendant officers had prior to the entry of said premises and after said entry did not provide probable cause to believe that an offense or crime was committed by either plaintiff.

43. Under the totality of the circumstances known to the defendant officers existing at the time the gun was allegedly found - would not lead a prudent person to conclude that the plaintiffs had committed a crime.

44. The defendant officers were not in possession of any objective evidence which allow a reasonable person to conclude that plaintiffs had committed a crime or offense.

45. Based upon information and belief, the warrant issued was overbroad and executed in an unreasonable, reckless and overbroad manner.

46. The defendants actions and conduct and the resulting arrest of plaintiffs under the facts and circumstances herein was reckless and intended to harm plaintiffs to obtain a collateral objective outside the legitimate legal process - both punishment of plaintiffs and their son and an illegal coerce attempt to obtain Short's surrender.

47. The defendant officers caused false charges to be lodged against plaintiffs charging them with violations of Penal Law §265.03 and 265. 01.

48. The defendant police officers conspired in both arresting the plaintiffs as well as the filing of false charges and accompanying police reports and subsequent prosecution.

49. The plaintiffs were caused to be unlawfully imprisoned, where plaintiff Barbara Fields was imprisoned for approximately 24 hours and plaintiff Maradiaga was imprisoned for approximately 72 hours. The plaintiffs were conscious of said confinement and did not consent to same.

50. Due to prior existing medical condition plaintiff Fields was caused to be taken to the hospital while cuffed and treated for her diabetes and then returned to central booking.

51. Plaintiff Ramon Maradiaga was painfully cuffed upon his seizure and arrest and as result of defendants' unlawful and improper conduct plaintiff Maradiaga was cause to suffer injury to his heart and/or the exacerbation of a possible prior existing condition and was caused to be hospitalized for 72 hours and then returned to central booking. Plaintiff Maradiaga was cuffed for his entire stay at the hospital. Plaintiff Maradiaga continues to suffer from said heart injury and complications as a result of said defendants' unlawful arrest and conduct.

52. The plaintiffs were wholly innocent of any and all allegations and charges pertaining to their arrest on May 21, 2011, under docket #2011QN028130 and 2011QN028131.

53. The defendants caused plaintiffs to be maliciously prosecuted and to appear on numerous occasions in the Criminal Court of Queens County.

54. The plaintiff Barbara Fields testified before the Grand Jury of Queens County and both plaintiffs matters were dismissed and sealed on September 14, 2011.

55. As a result of the defendants violations of plaintiffs' civil rights and other conduct on behalf of the defendants, plaintiffs sustained emotional distress, embarrassment, physical injury, and deprivation of their constitutional rights.

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF PLAINTIFFS

56. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

57. The conduct and actions of Defendant **POLICE OFFICER VINCENT MUGNO, TAX REG. #928823, SGT. JOSEPH DIGENNARO, #4419, AND OTHER UNKNOWN UNIDENTIFIED NEW YORK CITY POLICE OFFICERS,** under color of state law and acting without probable cause, justification, or otherwise privilege, subjected plaintiffs to false arrest against plaintiffs' will, and plaintiffs were conscious of said confinement and, was done intentionally, maliciously with a deliberate indifference or with a reckless disregard for the natural and probable consequences of their acts, and subjected plaintiffs to conspiracy, acts, and omissions to act without due process of law and in violation of 42 U.S.C. §1983 thereby depriving plaintiffs of their rights, privileges and immunities secured by the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution, including, without limitations, deprivation of the following constitutional rights, privileges and immunities:

(a) Plaintiffs were deprived of their First Amendment right to speak freely and to petition the government for redress of grievances;

(b) Plaintiffs were deprived of their Fourth Amendment constitutional right to be free from an unreasonable seizure of his person;

(c) Plaintiffs were deprived of their Fourth Amendment right to be free from the use of excessive or unreasonable force;

(d) Plaintiffs were deprived of their Fourteenth Amendment right to liberty, without due process of law;

(e) Plaintiffs were deprived of their Fourteenth Amendment right to equal protection of law;

58. As a result of the defendants' conduct, plaintiffs were deprived of liberty, sustained emotional injury including mental suffering, physical injury, humiliation, embarrassment, and were otherwise harmed, damaged and injured.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO 42 USC §1983 AND THE FOURTH AMENDMENT VIA THE USE OF EXCESSIVE AND UNREASONABLE FORCE

59. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

60. That the plaintiffs' rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 USC §1983, in that plaintiffs were unlawfully subjected to excessive and unreasonable use of excessive force, by the defendants.

61. That the said use of excessive force upon the plaintiffs were effected by defendants without authority of law and without any reasonable necessity to use any force much less the excessive force that they employed and used without legal justification, without plaintiffs' consent, with malice and with an intent to inflict pain and suffering.

62. As a direct result of defendants' actions, plaintiffs were deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution being more particularly

plaintiff's right to be free from the use of excessive and unreasonable force and the use of unreasonable force.

63. That all the defendants who witnessed the use of excessive force against the plaintiffs and who had a reasonable opportunity to intervene and prevent them being injured and/or injured further and who failed to do so are liable to the plaintiffs via their failure to exercise their affirmative duty to intervene.

64. That level of force employed by defendants excessive force was objectively unreasonable and in violation of plaintiffs' constitutional rights.

65. That by reason of the unlawful use of excessive force, the plaintiffs were subjected to physical pain, humiliation, embarrassment, anxiety, and that they were subjected to various physical and emotional harms, and that plaintiffs were otherwise harmed.

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BOTH OF ALL PLAINTIFFS
### MALICIOUS ABUSE OF PROCESS UNDER 42 USC 1983

66. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

67. The defendant officers' issued legal process to place plaintiffs under arrest.

68. The defendant officers' arrested plaintiffs in order to obtain a collateral objective outside the legitimate ends of the legal process.

69. The defendant officers' acted with intent to do harm to plaintiffs without excuse or justification.

70. The defendant officers' aforementioned actions were conscience shocking and placed plaintiffs in apprehension of emotional injuries.

71. As a result of Defendants' conduct, plaintiffs have suffered mental anguish, together with shock, fright, apprehension, embarrassment, humiliation and were otherwise harmed damaged and injured.

## AS AND FOR A FOURTH CAUSE OF ACTION
## LIABILITY OF DEFENDANT CITY
## FOR CONSTITUTIONAL VIOLATIONS - MONELL (STATE & FEDERAL)

72. Plaintiffs repeat, reiterate and incorporate by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

73. At all times materials to this complaint, the defendant **CITY OF NEW YORK**, acting through its police department, the **NEW YORK CITY POLICE DEPARTMENT**, had in effect de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant police officers.

74. The aforementioned customs policies, uses, practices, procedures and rules of the City of New York and the New York City Police Department included but not limited to arresting persons without probable cause, providing false information to prosecutors, falsifying police reports and testifying falsely under oath.

75. The defendant City of New York, failed to effectively screen, hire, train, supervise and discipline its police officers and employees, including the defendant police officers and employees herein, for their ability to conduct proper and truthful police work, for their ability to investigate properly and for their ability to determine probable cause.

76. The existence of such de facto policies and/or well-settled and widespread customs and practices has been known to supervisory and police-making officers and officials of the Police Department and the City of New York for a substantial period of time.

77. Upon information and belief, despite knowledge of such illegal de facto policies and practices, the supervisory and police-making officers and officials of the Police Department and the City of New York have not taken adequate steps to terminate these policies and practices, have not disciplined individuals who engage in such practices, or otherwise properly trained police officers with regard to the constitutional and statutory limits on the exercise of their authority, and have instead sanctioned and ratified these policies, customs and practices through their deliberate indifference to or negligent disregard of the effect of said policies, customs and practices upon the constitutional rights of persons in the City of New York.

78. Defendant NYC as well as unidentified police officers who were supervisors and final

decision makers as a matter of policy and practice, have with deliberate indifference failed to properly train, discipline, sanction and retrain police officers, despite their knowledge of the recurring problem of violations of the Constitutional rights of citizens by seizing persons without probable cause, falsely arresting person without probable cause to coerce other family members to surrender, maliciously and unlawfully arresting innocent family members to punish both family members by holding them hostage and subjecting them to the criminal process when all facts and circumstances existing therein unequivocally indicate that there is no probable cause for said arrest, and in so failing, the defendant NYC has caused, encouraged, condoned and allowed the defendants in this case to engage in the aforementioned unlawful conduct without fear of consequences for their illegal acts which did cause the plaintiffs to be subjected to deprivations of their civil rights.

79. That the defendant municipality, NYC, alerted to the existence of a significant number of false arrests by its police officers, by repeated complaints, of false arrest, exhibited deliberate indifference thereto in that it was obvious to NYC that there was a need for more and/or improved supervision of police officers in order to protect against constitutional violations and in spite or repeated complaints of civil rights violations, there have been no meaningful attempts on the part of NYC to investigate or forestall further incidents.

80. That the defendant municipality, NYC, has also been alerted to the use of malicious prosecution brought by its employee officers to cover up the false arrests and unlawful seizures by its police officers, and that the culture of bringing such false charges and malicious prosecuting victims of NYPD false arrests has been allowed to exist without repercussions to the officers who engage in such behavior.

81. Moreover, the action of the individual defendants resulted from and were taken pursuant to a de facto policy and/or well-settled and widespread custom and practice of the City of New York, which is implemented by police officers of said City. When officers continue to process an arrest where it is clear no crime has been committed. Where the upward mobility of the officers within ranks is accomplished. This conduct of conscious disregard of innocence and lack of probable cause is open and notorious. This is a well established practice and custom of the defendant NYC police department which has been the subject of a voluminous number of civil rights actions.

82. The existence of such de facto policies and/or well-settled and widespread custom and practices have been known to supervisory and police-making officers and officials of the Police Department of the City of New York for a substantial period.

83. Each and every year, thousands of civil rights actions alleging false arrest and unlawful imprisonment by police officers are brought and "settled" by the defendant New York City. Each year, the defendant, New York City spends millions of dollars to settle and/or satisfy said actions. All of the following matters contained allegations of false arrest and unlawful imprisonment by the defendant New York City police officers: **Corey Avent 04 CV 2451, Michel Smith 04 CV 1045, Reginald McMillian 04 CV 3990, Jimmy Stetnnopoulos 01 CV 0771, Ally, Inshan, Tiwari, Ramdass 04 CV 5643, Loxie Shaw 01 CV 4260, Darius Peterson 08 CV 4397, Christian Moran 05 CV 5281, Andre Bryan 07 CV 4939, John Gucu Roberts 06 CV 2687, and Ramos , Escobar 08 CV 1456, Cabral Duarte 06 CV 5523, Theodore Richardson 07CV 3651.** These matters were settled by the Defendant NYC. A multitude of similar matters could be cited if necessary. Of greatest concern, is the fact that the defendant NYC is in possession of all information concerning thousands of similar matters settled. Furthermore, these facts alone substantiate the fact that not only is the defendant New York City aware of said police practices and usages, but moreso, that defendant NYC has failed to stop said practices and has condoned said practices and usages.

84. Upon information and belief, and without limiting the foregoing, the City of New York has specifically failed to terminate said practices in the following manner:

(a) Has failed to properly train, instruct, and discipline police officers with regard to the existence of probable cause;

(b) Has failed to properly train, instruct, and discipline police officers with regard to entering a private home with a warrant and arresting person where no probable cause exists for such arrest.;

(c) Has failed to properly instruct, and discipline police officers with regard to unlawfully arresting family members without probable cause thereby holding said persons, plaintiffs herein, hostage to punish the target of said warrant as well as the plaintiffs herein;

(d) Has permitted police officers to maintain the "blue wall of silence" and to conceal and fail to report the misconduct of other police officers;

(e) Has structured procedures and standards at the Civilian Complaint Review Board, the Office of Chief of Department, and Internal Affairs in such a manner that an officer's denial of the charges is ordinarily sufficient to remove the threat of any discipline or restraint upon the officer's conduct and to prevent any objective review of the officer's conduct.

    (f)    Has failed to require police officers to accept independent and objective review of civilian complaints and imposition of discipline.

    (g)    Has failed to properly structure the police department to review and discipline the existence of unlawful conspiracy by defendant officers.

85. Defendant City of New York is directly liable and responsible for the acts of defendants because it has repeatedly and knowingly failed to properly supervise, train and discipline said officers and because it repeatedly and knowingly failed to enforce the rules and regulations of the New York City Police Department and the laws of the State of New York and the United States.

86. The knowing and repeated failure of the defendant City of New York to properly supervise, train and discipline said officers actually caused the injuries to plaintiff alleged herein.

87. Upon information and belief, defendant City of New York knew or should have known that the acts alleged herein would deprive plaintiffs of their rights without due process of law, in violation of the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution and Article 1, §§1, 6, 8, 9, 11 and 12 of the Constitution of the State of New York, including, without limitation, such rights as plaintiff's rights to freedom from loss of liberty, freedom of speech, rights to petition for redress of grievances, right to due process, and right to equal protection of the laws.

88. The defendant City of New York is also directly liable and responsible for the acts of defendants under the doctrine of respondeat superior.

89. As a result of the foregoing conscious policies, practices, customs and/or usages, defendant CITY OF NEW YORK has permitted and allowed the employment and retention of individuals as police officers and employees whose individual circumstances place the public or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior. Such polices, practices customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the plaintiff herein.

90. As a result of the foregoing, plaintiffs were deprived of liberty, sustained great emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

## AS AND FOR A FIFTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFFS,
## NYS CONSTITUTIONAL VIOLATIONS

91. Plaintiffs repeat, reiterate and incorporate by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

92. Defendants subjected plaintiffs to the foregoing conspiracies, acts, and omissions to act without due process of law, thereby depriving plaintiffs of their rights, privileges and immunities secured by Article 1, §§1, 6, 8, 9, 11 and 12 of the New York State Constitution, including, without limitation, the following deprivations of his rights, privileges and immunities:

   (a) Plaintiffs were deprived of their right to speak freely and to petition the government for redress of grievances, in violation of §§ 8 and 9 of the Constitution of the State of New York;

   (b) Plaintiffs were deprived of their right to be free unreasonable seizures of their person; in violation of § 12 of the Constitution of the State of New York;

   (c) Plaintiffs were deprived of their right to be free from the use of excessive or unreasonable force in the course of an unlawful seizure, in violation of § 12 of the Constitution of the State of New York;

   (d) Plaintiffs were deprived of their right to liberty, without due process of law, in violation of §6 of the Constitution of the State of New York;

93. As a result of the defendants' conduct, Plaintiffs were deprived of liberty, sustained great emotional injury, humiliation, embarrassment, and was otherwise harmed, damaged and injured.

## AS AND FOR A SIXTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFFS,
## FAILURE TO INTERVENE

94. Plaintiffs repeat, reiterate and incorporate by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

95. Each and every individual defendant officer had an affirmative duty to intervene on the plaintiff's behalf to prevent the violation of their constitutional rights.

96. The individual defendant officers failed to intervene on plaintiffs' behalf to prevent the violation of their constitutional rights despite having a realistic opportunity to do so.

97. As a result of the aforementioned conduct of the individual defendants, plaintiffs' constitutional right was violated and she was subjected to false arrest and unlawful imprisonment.

## AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS, CLAIM FOR RELIEF UNDER NY STATE LAW NEGLIGENT TRAINING AND SUPERVISION,

98. Plaintiffs repeat, reiterate and incorporate by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

99. Upon information and belief, defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the seizure, arrest and imprisonment both **plaintiffs.**

## AS AND FOR A EIGHTH CAUSE OF ACTION RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

100. Plaintiffs repeat, reiterate and incorporate by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

101. The conduct of defendants **POLICE OFFICER VINCENT MUGNO, TAX REG. #928823, SGT. JOSEPH DIGENNARO,** and other unidentified defendant police officers alleged herein, occurred while they were on duty in uniform, and in and during the course and scope of their duties and functions as New York City Police officers, and while they were acting as agents, officers, servants and employees of the defendant **CITY OF NEW YORK.** The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff, and violated plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York pursuant to the doctrine of respondeat superior.

102. As a result of the foregoing, plaintiffs were deprived of their constitutional rights, unlawfully arrested and imprisoned and sustained great emotional injuries, were subjected to great

humiliation, and were otherwise harmed, damaged and injured.

## MALICIOUS PROSECUTION

103. Plaintiffs repeat, reiterate and incorporate by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

104. Defendants misrepresented and falsified evidence before the District Attorney.

105. Defendants did not make a complete and full statement of facts to the District Attorney.

106. Defendants withheld exculpatory evidence from the District Attorney.

107. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiffs RAMON MARADIAGA and BARBARA FIELDS.

108. Defendants lacked probable cause to initiate criminal proceedings against plaintiffs RAMON MARADIAGA and BARBARA FIELDS.

109. Defendants acted with malice in initiating criminal proceedings against plaintiffs RAMON MARADIAGA and BARBARA FIELDS.

110. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiffs RAMON MARADIAGA and BARBARA FIELDS.

111. Defendants lacked probable cause to continue criminal proceedings against plaintiffs RAMON MARADIAGA and BARBARA FIELDS.

112. Defendants acted with malice in continuing criminal proceedings against plaintiffs RAMON MARADIAGA and BARBARA FIELDS.

113. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

114. Notwithstanding the prejurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiffs', RAMON MARADIAGA and BARBARA FIELD, favor on or about September 14, 2011, when the cases were dismissed and sealed against both plaintiffs after plaintiff BARBARA FIELDS testified before the Grand Jury of Queens County.

## AS AND FOR PLAINTIFFS CLAIM FOR PUNITIVE DAMAGES

115. Plaintiffs repeat, reiterate and incorporate by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

116. The aforesaid acts of the defendant officers in violation of plaintiffs' First, Fourth and Fourteenth Amendment Rights under the United States Constitution (42 U.S.C. Section 1983) and pendent laws and statues of the State of New York, showed a willful and wanton disregard to the reputation and well being of the plaintiffs for which they also seeks punitive damages. The acts, conduct and behavior of the defendant officers were performed knowingly, intentionally and maliciously by reason of which the plaintiffs are entitled to an award of punitive damages where applicable.

## VICARIOUS LIABILITY

117. Plaintiffs incorporate by reference the allegations set forth in each preceding paragraph of this complaint as if fully set forth herein.

118. The defendants' employed by NYC Police Department an agency of the Defendant City of New York unlawfully seized arrested and imprisoned, plaintiffs therefore under doctrine of vicarious liability, the defendant City of New York is libel for all acts occurring after and during the illegal and unlawful arrest and imprisonment.

119. As a result of the foregoing, plaintiffs were falsely arrested and unlawfully imprisoned and plaintiffs sustained great emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

**WHEREFORE**, in consideration of each and every claim plaintiffs demand judgment :

A. Compensatory damages in the amount of ONE MILLION ($1,000,000) EACH;

B. Punitive damages in the amount of THREE MILLION ($3,000,000) EACH;

C. The convening and empanelling of a jury to consider the merits of the claims herein;

D. Costs and interest and attorney's fees;

E. Such other and further relief as this court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

Dated: Queens, New York
May 30, 2012

Yours, etc.,

_____
EDWARD ZALOBA, Esq.
Attorney for Plaintiffs
118-21 Queens Boulevard, Ste. 504
Forest Hills, New York 11375
(718) 261-3000